Stuart W. Price, California Bar No. 125918
Anne Redcross Beehler, California Bar No. 312125
anneredcross.beehler@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive
Suite 1500
Irvine, CA  92612
Telephone: 949-223-7000

Christopher P. Galanek (*pro hac vice admission to be applied for*)
Georgia Bar No. 282390
Christopher.Galanek@bryancave.com
Aiten M. McPherson (*pro hac vice admission to be applied for*)
Georgia Bar No. 439899
Aiten.McPherson@bryancave.com
**BRYAN CAVE LLP**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: 404-572-6600

Attorneys for Plaintiff
KIMBERLY-CLARK GLOBAL SALES LLC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIMBERLY-CLARK GLOBAL SALES, LLC. | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CLEAN SWEEP SUPPLY COMPANY, INC. | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Kimberly-Clark Global Sales, LLC ("***Plaintiff***" or "***Kimberly-Clark***"), by its attorneys, for its Complaint against Defendant Clean Sweep Supply Company, Inc., ("***Defendant***" or "***Clean Sweep***"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for breach of contract, unjust enrichment, fraud, and suit on an open account, arising out of Clean Sweep's improper submission of certain claims for reimbursement to Kimberly-Clark and Clean Sweep's failure to pay certain amounts due to Kimberly-Clark.

## PARTIES

2. Plaintiff Kimberly-Clark is a Wisconsin limited liability company with offices in Neenah, Wisconsin. Kimberly-Clark Global Sales, LLC is a wholly owned subsidiary of Kimberly-Clark Corporation which is a Delaware corporation.

3. Clean Sweep is a California corporation with its principal place of business at 7171 Telegraph Road, Montebello, California 90640. Clean Sweep may be served through its registered agent, Sheldon Baker at 144 N. Brand Blvd., Glendale, California 91209-9062.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332, as there is complete diversity in citizenship and the amount in controversy is in excess of Seventy-Five Thousand dollars ($75,000).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## FACTS

6. Kimberly-Clark Professional, a business unit of Kimberly-Clark, is a leader in the manufacture and distribution of commercial washroom products, industrial wiping products, and safety products with well-known brands such as Kleenex®, Scott®, Kimcare®, WypAll®, Kimtech™ and Jackson Safety®.

7. Clean Sweep offers brand name cleaning and janitorial supplies.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

8. Clean Sweep was a distributor of Kimberly-Clark Professional products.

9. As part of its distributorship, Clean Sweep sold Kimberly-Clark products directly to clients of Clean Sweep. Clean Sweep would purchase those Kimberly-Clark products from Kimberly-Clark at a certain price (the "***Original Price***"). However, under end user price agreements between Kimberly-Clark and Clean Sweep (the "***End User Price Agreements***"), if Clean Sweep was to sell those Kimberly-Clark products to a certain group of clients of Clean Sweep, Clean Sweep would be entitled to a discounted price (the "***Discounted Price***") relating to the purchase of those products from Kimberly-Clark.

10. Conversely, if Clean Sweep sold Kimberly-Clark products to other clients of Clean Sweep not covered under the End User Price Agreements, Clean Sweep was not entitled to receive the Discounted Price from Kimberly-Clark.

11. As to clients subject to End User Price Agreements, after Clean Sweep sold and delivered Kimberly-Clark products to those clients of Clean Sweep at a price determined solely by Clean Sweep, Clean Sweep would then submit a claim to Kimberly-Clark for the difference between the Original Price and the Discounted Price and receive a chargeback coupon from Kimberly-Clark for the price difference. Clean Sweep would then apply these chargeback coupons to future invoices for the purchase of additional Kimberly-Clark products.

12. In addition, and as part of its distributorship, Clean Sweep also sold Kimberly-Clark products directly to one redistributor client of Clean Sweep (the "***Redistributor Client***"). Clean Sweep would purchase those Kimberly-Clark products from Kimberly-Clark at the Original Price. However, under a 3P price agreement between Kimberly-Clark and Clean Sweep (the "***3P Price Agreement***"), if Clean Sweep was to sell those Kimberly-Clark products to the Redistributor Client, who in turn re-sells those Kimberly-Clark products to a specified end-user client or clients (the "***3P Clients***"), Clean Sweep would be entitled to a different

discounted price (the "**3P Discounted Price**") relating to the purchase of those products from Kimberly-Clark.  For the avoidance of doubt, Kimberly-Clark did not enter into any contract with the Redistributor Client.

13. After Clean Sweep sold and delivered Kimberly-Clark products to the Redistributor Client at a price determined solely by Clean Sweep, and only after the Redistributor Client resold and delivered those products to the specified end-users at a price determined solely by the Redistributor Client, Clean Sweep would then submit a claim to Kimberly-Clark for the difference between the Original Price and the 3P Discounted Price and receive a chargeback coupon from Kimberly-Clark for the price difference.  Clean Sweep would then apply these chargeback coupons to future invoices for the purchase of additional Kimberly-Clark products.  It was Clean Sweep's responsibility to obtain legitimate confirmation from the Redistributor Client that it had sold and delivered Kimberly-Clark products to the 3P Clients, as represented.

14. Specifically, and pursuant to Kimberly-Clark's North American Chargeback Policy, the Kimberly-Clark chargeback process worked as follows:

> A claims submission is made; the data in the claims submission is verified; and (i) if the data is valid, the coupon is created, or (ii) if the data is invalid or otherwise improper, the claim is rejected and may be re-filed with completed or corrected information as a new claim submission.
>
> *See* North American Chargeback Policy, attached hereto as Exhibit A (hereinafter the "***Chargeback Agreement***").
>
> The Chargeback Agreement further provided:
>
> Unauthorized deductions constitute a serious non-compliance with Kimberly-Clark Professional's North American Chargeback Policy.

*******

KCP reserves the right to bill back for all unauthorized deductions. Unauthorized deductions must be repaid immediately. *See* Chargeback Agreement.

15. Unauthorized deductions include: (1) coupons taken outside proper chargeback methods; (2) coupons taken without a valid coupon/settlement number; and (3) coupons taken without adequate support to validate deviated pricing as authorized on the claimed End User Price Agreement.

16. Pursuant to the Chargeback Agreement, Kimberly-Clark also reserved the right to perform periodic audits on all chargeback claims. Such audits included requests for additional documentation to support certain claims, and requests for documentation showing the origin of purchase and evidence that purchased products were actually delivered to the clients subject to an End User Price Agreement.

17. Under the terms of the Chargeback Agreement, a distributor's failure to supply adequate documentation within 30 days could result in, among other things, an order hold, loss of right to participate in the Kimberly-Clark deviated pricing programs, and legal action.

18. In addition to signing this Chargeback Agreement, each time any representative of Clean Sweep logged into Kimberly-Clark's portal to submit a claim, Clean Sweep agreed to Kimberly-Clark's latest chargeback policy, terms, and conditions.

19. A representative of Clean Sweep repeatedly accepted Kimberly-Clark's Chargeback Agreement by submission of claims through the Kimberly-Clark portal.

20. Pursuant to the Chargeback Agreement, in July 2017, Kimberly-Clark initiated an audit of Clean Sweep's claims from 2015 through 2017. The audit revealed there was no support or acceptable proof of delivery, either by Clean Sweep or the Redistributor Client confirming the chargeback claims filed against the 3P Agreement in relation to the County of Los Angeles and the County of Orange, the 3P Clients, as required by the Chargeback Agreement.

21. The audit further revealed Clean Sweep had provided Kimberly-Clark with forged point of delivery documentation to support its contracts.

22. Further, and based on data Kimberly-Clark found in Clean Sweep's books and records, the audit revealed Clean Sweep had improperly over-claimed at least $2,211,947.76 in credits.

23. On September 20, 2017, Kimberly-Clark emailed Clean Sweep outlining the findings of the audit, terminating the price agreements at issue, requesting repayment from Clean Sweep for claims made against these price agreements, and requesting additional documentation to complete the audit performed on July 24, 2017, including signed proof of delivery documents, invoices to end-users, and copies of check payments to settle the invoices from the end-users. A true and correct copy of the September 20, 2017, email chain is attached hereto as Exhibit B.

24. Clean Sweep disputed the audit and refused to pay any amounts due.

25. Kimberly-Clark continued to discuss the issue with Clean Sweep, in good faith, and requested that Clean Sweep allow Kimberly-Clark to conduct a follow-up audit on all other End Users Price Agreements. Specifically, Kimberly-Clark requested that Clean Sweep provide it with proof of delivery documentation, invoices to end-users, and check payments for up to 100 transactions to be selected by Kimberly-Clark at random.

26. On November 12, 2017, Sina Salamat, President and CEO of Clean Sweep, responded by declining Kimberly-Clark's request for an audit. A true and correct copy of the November 12, 2017, email chain is attached hereto as Exhibit C.

27. Kimberly-Clark terminated Clean Sweep as a distributor of its products on November 13, 2017, for Clean Sweep's violation of Kimberly-Clark's Chargeback Agreement. A true and correct copy of the November 13, 2017 letter is attached hereto as Exhibit D.

28. As of the date of this Complaint, Clean Sweep's account is delinquent in the amount of at least $664,543.73.

29. To date, Clean Sweep has failed to pay any amounts due on its account or to repay the over-claimed chargeback credits.

## Count I: Breach Of The Chargeback Agreement

30. Kimberly-Clark incorporates the allegations contained in paragraphs 1 through 30 of its Complaint as if specifically set forth herein.

31. Pursuant to the Chargeback Agreement, Clean Sweep agreed to submit valid claims for chargebacks in return for a chargeback coupon from Kimberly-Clark.

32. Clean Sweep agreed it would not make any unauthorized claims, and any such unauthorized claims constituted a serious non-compliance with Kimberly-Clark's policy.

33. Clean Sweep breached the Chargeback Agreement, at a minimum, when it submitted false point of delivery documentation and failed to provide other documentation requested by Kimberly-Clark.

34. Clean Sweep's conduct breached its obligations to Kimberly-Clark. Kimberly-Clark has been injured by Clean Sweep's conduct and is entitled to compensatory damages in an amount to be proven at trial, as well as its attorneys' fees and costs incurred in pursuing this action.

## Count II: Unjust Enrichment

35. Kimberly-Clark incorporates the allegations contained in paragraphs 1 through 35 of its Complaint as if specifically set forth herein.

36. In the alternative, and should the Chargeback Agreement be found to be unenforceable for any reason, Kimberly-Clark brings this claim for unjust enrichment.

37. Kimberly-Clark has issued Clean Sweep at least $2,211,947.76 in credits for claims falsely submitted. Clean Sweep accepted the benefit of these

1  claims and applied the issued chargeback coupons against subsequent purchases of
2  goods from Kimberly-Clark despite knowing its claims were false and did not
3  qualify for any chargebacks.

4      38.     Chargeback coupons were issued by Kimberly-Clark based on its belief
5  that Clean Sweep was truthfully submitting claims and that such chargebacks were
6  due.

7      39.     Clean Sweep has thus been conferred a benefit by Kimberly-Clark and
8  has been unjustly enriched at the expense of Kimberly-Clark. Clean Sweep is not
9  legally entitled to retain the benefits conferred by Kimberly-Clark.

10     40.     Equity requires that the benefit Kimberly-Clark conferred on Clean
11 Sweep be returned to Kimberly-Clark to avoid Clean Sweep being unjustly
12 enriched. Accordingly, Kimberly-Clark is entitled to recover its actual damages in
13 an amount to be determined in trial.

## Count III: Fraud

15     41.     Kimberly-Clark incorporates the allegations contained in paragraphs 1
16 through 41 of its Complaint as if specifically set forth herein.

17     42.     By entering into the Chargeback Agreement, Clean Sweep represented
18 that it would properly submit claims, as detailed in the Chargeback Agreement and
19 chargeback policy, terms and conditions, and that it would not make any
20 unauthorized deductions.

21     43.     By signing the Chargeback Agreement and submitting claims pursuant
22 to the Chargeback Agreement, Clean Sweep intended to induce Kimberly-Clark to
23 issue over a million dollars in credits for claims which Clean Sweep fraudulently
24 submitted.

25     44.     Clean Sweep submitted claims based on information regarding
26 purchase and sales transactions it knew to be false. Specifically, Clean Sweep
27 forged point of delivery documentation in order to support its contracts, and induce
28 Kimberly-Clark to pay chargeback for falsely submitted claims.

45. Kimberly-Clark justifiably and reasonably relied upon the representations made by Clean Sweep in submitting these claims.

46. Kimberly-Clark has been damaged by Clean Sweep's actions by issuing at least $2,211,947.76 in chargebacks for claims that were falsely submitted.

47. Clean Sweep's false representations have caused harm to Kimberly-Clark entitling it to the disgorgement of all amounts credited, as well as to an award of compensatory and punitive damages in an amount to be proven at the trial of this action.

### Count IV: Action on Open Book Account

48. Kimberly-Clark incorporates the allegations contained in paragraphs 1 through 48 of its Complaint as if specifically set forth herein.

49. As set forth in more detail above, Kimberly-Clark and Clean Sweep entered into financial transactions with each other.

50. Kimberly-Clark kept accounts of debits and credits involved in the transactions as set forth above.

51. Clean Sweep has failed to pay at least $664,543.73 in amounts owed to Kimberly-Clark for the purchase of goods.

52. The total amount owed to Kimberly-Clark is past due.

53. Despite Kimberly-Clark's request for payment, Clean Sweep has failed to pay the amounts owed.

54. Kimberly-Clark is entitled to an award of damages against Clean Sweep in an amount no less than the $664,543.73 unpaid balance on Clean Sweep's account, plus pre-judgment and post-judgment interest accruing at the highest legal rate.

WHEREFORE, Kimberly-Clark respectfully demands trial by jury and requests that the Court enter judgment in its favor and against Clean Sweep on Kimberly-Clark's Complaint as follows:

a) Awarding Kimberly-Clark compensatory damages, punitive damages and litigation expenses, including attorneys' fees and costs, incurred in bringing this action against Clean Sweep;

b) Awarding Kimberly-Clark no less than $2,211,947.76 against Clean Sweep as well as any prejudgment and post-judgment interest;

c) Awarding Kimberly-Clark no less than the $664,543.73 unpaid balance on Clean Sweep's account, plus pre-judgment and post-judgment interest; and

d) Awarding such other and further relief as the Court deems just and proper.

Dated: March 5, 2018

**BRYAN CAVE LLP**

By: */s/ Anne Redcross Beehler*
    Anne Redcross Beehler
Attorneys for Plaintiff
KIMBERLY-CLARK GLOBAL SALES LLC.